Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000986
09-APR-2013
09:38 AM

NO. CAAP-12-0000986

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM MIDDLETON, Plaintiff-Appellant
v.
STATE OF HAWAI'I, DEPARTMENT OF HUMAN SERVICES,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1196)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record in this case, it appears that we lack jurisdiction over the appeal that Appellant-Appellant William Middleton (Appellant Middleton), has asserted from the Honorable Rhonda A. Nishimura's September 16, 2012 dismissal order and the October 9, 2012 order denying motion to set aside dismissal because the circuit court has not reduced the said orders to a separate judgment, as Rules 58 and 72(k) of the Hawai'i Rules of Civil Procedure (HRCP) require in an administrative appeal from a circuit court pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 2012).

"Review of any final judgment of the circuit court under this chapter shall be governed by chapter 602."  HRS § 91-

15 (2012 Repl.). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2012). Under HRS § 641-1(a), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawaiʻi 14, 20, 122 P.3d 809, 815 (2005) (citation omitted). For example, the Supreme Court of Hawaiʻi has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" <u>Price v. Obayashi Hawaii Corporation</u>, 81 Hawaiʻi 171, 176, 914 P.2d 1364, 1369 (1996).

"An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted).

Although the instant case involves an administrative appeal, HRCP Rule 72(k)[1] similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). The separate judgment document rule under the holding in Jenkins v. Cades Schutte Fleming & Wright applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. See, e.g., Raquinio v. Nakanelua, 77 Hawaiʻi 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Therefore, where a circuit court failed to reduce dispositive orders in an administrative appeal to a separate judgment, we dismissed the appeal for lack of jurisdiction:

> In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and Jenkins apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.
> Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

---

[1] Rule 81(e) of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that the Hawaiʻi Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

Id.

Likewise in the instant administrative appeal, the requirements of HRCP Rule 58, HRCP Rule 72(k) and Jenkins v. Cades Schutte Fleming & Wright apply, and yet neither the circuit court nor the parties have satisfied the requirements for appealability because the circuit court has not reduced the September 16, 2012 dismissal order and the October 9, 2012 order denying motion to set aside dismissal to a separate judgment that, on its face, resolves all claims in this case by either entering judgment in favor of and against the appropriate parties. On January 7, 2013, the record on appeal for appellate court case number CAAP-12-0000986 was filed, by which time the circuit court had not entered a separate judgment in this case. Absent an appealable final judgment, Appellant Middleton's appeal is premature and we lack jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000986 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 9, 2013.

Chief Judge

Associate Judge

Associate Judge

-4-